IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAXIS ENERGY AGENTS PTE LTD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-559-LPS |
| | : | |
| M/V PEBBLE BEACH, | : | |
| its engines, tackle, apparel and freights, | : | |
| | : | |
| Defendant *in rem*. | : | |

## MEMORANDUM ORDER

At **Wilmington** this **2nd day of August, 2019**:

**IT IS HEREBY ORDERED** that:[1]

Plaintiff Praxis Energy Agents Pte Ltd's ("Praxis") motion for reconsideration (D.I. 53) is **DENIED**.[2] Praxis has not established that any of the circumstances under which reconsideration

---

[1] Pertinent background relating to the parties' disputes can be found in the Court's earlier opinion (*see* D.I. 46 at 1-5). The Court has carefully considered the parties' briefing on all pending motions. (*See, e.g.*, D.I. 52-1, 54, 55, 57, 58, 59, 60, 61, 62)

[2] Pursuant to D. Del. LR 7.1.5, motions for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

1

is warranted are present.[3] The Brazil court's decision in December 2018 – several months after the Court granted partial summary judgment for Sithonia Shipholding S.A. ("Sithonia")[4] – to release the security posted in Brazil, may be a new development (*see* D.I. 54 at 1), but it has no impact on the Court's analysis. The issue the Court decided was whether, at the time the Vessel was arrested on May 12, 2017, Praxis had a valid basis to do so, and the Court found (correctly, the Court continues to believe) that Praxis did not. (*See, e.g.*, D.I. 46 at 14-15) ("Praxis' maritime lien is tied up in the security held by the Brazil Court and, therefore, Praxis did not have a valid maritime lien to cause the Vessel to be arrested in Delaware.") Events subsequent to May 12, 2017 and subsequent to the Court's decision do not alter this conclusion. As an independent and entirely sufficient basis to deny Praxis' motion, the Court finds it is untimely, since it was not filed until 71 days after the Brazil court's December 17, 2018 decision that purportedly gives rise to Praxis' motion.[5] Relatedly, Praxis points to no sufficient explanation for why it waited until its motion for reconsideration to submit an affidavit from an expert on Brazilian law.

---

[3] A motion for reconsideration may generally be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café* by *Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[4] Sithonia has appeared as owner of Defendant *in rem*, the M/V PEBBLE BEACH (hereinafter, the "Vessel").

[5] Motions for re-argument must be "filed within 14 days after the Court issues its opinion or decision," which Praxis' motion clearly was not. D. Del. LR 7.1.5. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," but here Praxis has identified no good cause for waiting from December 17, 2018 to February 26, 2019 to file its motion.

2

Defendant Sithonia's motion for partial summary judgment[6] (D.I. 52) is **DENIED WITHOUT PREJUDICE** to renew after the Court reviews the forthcoming status report, subject to any further order of the Court. The Court recognizes that at some point (perhaps soon) it may have to determine if, in fact, Sithonia should be considered the "prevailing party" (an issue on which the Court is inclined to agree with Sithonia, because the lone count asserted by Praxis has been resolved in Sithonia's favor) and an intended beneficiary who may enforce Section 22.03[8] of Praxis' Terms and Conditions (on which the Court is inclined to agree with Praxis). The parties have not apprised the Court of any developments that may have occurred in the Brazil litigation since December 2018, if there have been any. Nor did the parties know until today that the Court has decided to deny the motion for reconsideration. Nor is the Court confident it understands whether either party contemplates further discovery or proceedings relating to one, both, or neither of Sithonia's counterclaims. Under the circumstances, the most

---

[6] Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[8] The Court understands that Praxis now agrees that its Terms and Conditions' references to Sections 20.2 and 20.3 (which do not exist) are typographical errors and should, instead, read 22.03 and 22.04.

appropriate course of action is for the Court to receive an update from the parties, obtain the parties' views on whether final judgment should now be entered and, thereafter, determine (if Sithonia continues to press its request for attorneys fees) whether Sithonia should recover any portion of its attorney fees incurred in the instant action and/or in Brazil.

Praxis' motion for summary judgment (D.I. 56) is **DENIED WITHOUT PREJUDICE** to renew after the Court reviews the forthcoming status report, subject to any further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than August 16, 2019, submit a joint status report, indicating what, if anything, the Court should next do in this matter. Should the parties be in agreement that the case is now ripe for entry of final judgment, they shall submit a proposed form of order for the Court to enter.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

4