IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAXIS ENERGY AGENTS PTE. LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-559-LPS |
| M/V PEBBLE BEACH | : | |
| Its engines, tackle, apparel, and freights, | : | |
| Defendant *in rem*. | : | |

Timothy Jay Houseal and William Edward Gamgort, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, DE

J. Stephen Simms, SIMMS SHOWERS LLP, Baltimore, MD

    Attorneys for Plaintiff

Michael B. McCauley, PALMER, BIEZUP & HENDERSON LLP. Wilmington, DE

Frank P. DeGiulio and Kevin G. O'Donovan, PALMER, BIEZUP & HENDERSON LLP, Philadelphia, PA

    Attorneys for Defendant *in rem*

**MEMORANDUM OPINION**

July 26, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

This memorandum opinion addresses the disputes over attorneys' fees and costs between Plaintiff Praxis Energy Agents Pte. Ltd. ("Plaintiff" or "Praxis") and Sithonia, the owner of Defendant *in rem*, M/V Pebble Beach ("Defendant"). Having reviewed the parties' letter briefs and accompanying evidence (D.I. 78, 79, 80), the Court will award Defendant $170,402.01 in attorneys' fees and costs incurred in this proceeding.

## I. BACKGROUND

On May 12, 2017, Praxis filed a complaint in this Court seeking issuance of a warrant for arrest of Defendant *in rem*, which arrived at the Port of Wilmington, Delaware. (D.I. 1, 5) The warrant was issued the same day. (D.I. 9) Two days later, Defendant *in rem* was released on provision of security through a Letter of Understanding ("LOU"), which was replaced by a surety bond on August 22, 2017. (D.I. 10, 21) Meanwhile, on June 16, 2017, Sithonia appeared as owner of Defendant *in rem*, answered the Complaint, filed a Counterclaim, and sought countersecurity from Praxis for the Counterclaim. (D.I. 16, 17) The Counterclaim includes two counts: Count I is for attorneys' fees and costs incurred in an earlier Brazilian action between the parties and Count II is for attorneys' fees and costs incurred in this action. (D.I. 16)

Praxis answered the Counterclaim on July 5, 2017 (D.I. 19), and filed a motion for summary judgment on November 27, 2017 (D.I. 22). Defendant filed a cross-motion for summary judgment on June 27, 2018. (D.I. 39-4) On September 26, 2018, the Court ruled in favor of Defendant, denying Praxis' motion for summary judgment and granting Defendant's cross-motion for summary judgment. (D.I. 50)

The parties then filed a series of motions and renewed motions for summary judgment concerning the Counterclaim. On February 26, 2019 and September 16, 2019, Praxis filed a

1

motion and renewed motion for summary judgment on the Counterclaim. (D.I. 56, 70) On February 12, 2019 and September 16, 2019, Defendant filed a motion and renewed motion for partial summary judgment as to Counterclaim Count II only. (D.I. 52, 69) On October 8, 2019, after hearing argument (*see* D.I. 75), the Court granted Praxis' motion as to Counterclaim Count I, denied Praxis' motion as to Counterclaim Count II, and granted Defendant's motion. (D.I. 74) At the October 8, 2019 hearing, the Court also determined that Defendant is the prevailing party in the instant proceeding. (D.I. 75 at 49) ("[D]efendant won on the only claim brought by the plaintiff Praxis. Defendant is also winning on one of its counterclaims today, although it is losing on the other. But what is important is that in the proceeding instituted under the terms and conditions by Praxis, [D]efendant is the prevailing party.")

On October 25, 2019, the Court issued an oral order, stating that it "[would] award Defendant whatever reasonable attorney's fees and costs [Defendant] can demonstrate were expended in connection with litigating this case in a manner that led to [Defendant] being deemed the prevailing party." (D.I. 77) In the same oral order, the Court also denied Praxis' request that the Court deem unreasonable any fees and costs exceeding $50,000, and ordered the parties to submit evidence and letter briefs regarding the "reasonable attorney's fees and costs." (*Id.*)

Defendant now claims attorneys' fees and costs in the amount of $170,402.01, providing as support an affidavit of Kevin G. O'Donovan and copies of invoices for fees and costs dated between May 12, 2017 and September 30, 2019. (D.I. 78 at 1; *see also* D.I. 78-1, 2, 3, 4) Praxis, supported by an affidavit of J. Stephen Simms (D.I. 79-1 Ex. A), contends that Defendant should receive, "at most, approximately 10%, or $17,000, as any attorneys' fees and costs award." (D.I. 79 at 1)

2

## II.   LEGAL STANDARDS

Courts in the Third Circuit calculate attorneys' fees pursuant to the lodestar approach. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar results from multiplying the amount of time reasonably expended by reasonable hourly rates. *See Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). The party seeking attorneys' fees bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). If a *prima facie* case of reasonable fees has been made, the opposing party bears the burden of producing record evidence to contest the fees. *See Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997).

## III.   DISCUSSION

Defendant's claim for fees and costs is based on Clause 22.04 of Praxis' Terms and Conditions, which states:

> If any proceeding of any nature whatsoever is instituted under Clause [22.02] or [22.03][1] above, in connection with any controversy arising out of these Conditions or the Agreement or to interpret or enforce any rights under the Agreement, the prevailing party shall have the right to recover from the losing party its reasonable costs and attorneys' fees incurred in such proceeding.

The Court has already determined that the instant case is a "proceeding instituted" under a pertinent clause of Praxis' Terms and Conditions, and further that Defendant is the prevailing party. (D.I. 75 at 49) Accordingly, Defendant is entitled to recover from Praxis its reasonable costs and attorneys' fees incurred in this proceeding.

---

[1] The Court understands that the parties agree that the Terms and Conditions' reference to "Clause 20.2 or 20.3" (clauses which do not exist) is a typographical error and should, instead, read "Clause 22.02 or 22.03." (*See* D.I. 75 at 47; *see also* D.I. 64 at 3 n.8)

3

Defendant has made out a *prima facie* case for the reasonableness of the attorneys' fees and costs it is requesting. The $270 hourly rate of Kevin O'Donovan, an experienced lawyer having worked primarily in the field of maritime law since graduating from law school in 1984 (*see* D.I. 78-1), is consistent with the prevailing hourly rates charged by lawyers with similar experience in this area.[2] *See PMJ Capital Corp. v. Lady* Antoinette, 2019 WL 7500470, at *2 (S.D.N.Y. Nov. 1, 2019) (approving $300 hourly rate for maritime attorney with 30 years of experience). The amount of work that Mr. O'Donovan has performed in this case also appears to be entirely commensurate with the unusual and complex legal issues involved and the "extensive and not entirely foreseeable amount of litigation" that occurred in this case. (D.I. 77)

In objecting to Defendant's claimed fees and costs, Praxis contends that since the Court granted Praxis' summary judgment motion directed to Counterclaim Count I (*see* D.I. 70, 74), Defendant is not the prevailing party as to that counterclaim and, as such, is not entitled to fees and costs related to any aspect of pursuing that counterclaim. (D.I. 79 at 2) The Court disagrees. The Court has determined that Defendant is the prevailing party ***in this proceeding***. (D.I. 75 at 49) The Court also determined that the counterclaims asserted by Defendant are compulsory counterclaims, which arise out of the same controversy giving rise to Praxis' claim. (*See id.*) Pursuant to Clause 22.04 of the Terms and Conditions, Defendant is entitled to its reasonable costs and attorneys' fees incurred in litigating this "proceeding," which included the single claim brought by Praxis and the compulsory counterclaims brought by Defendant.

---

[2] Mr. O'Donovan performed the majority of work in this case. The $295 hourly rates of Frank P. DeGiulio and Michael B. McCauley, who had limited involvement in this case, also appear reasonable. Praxis does not contest the attorneys' hourly rates.

4

The Terms and Conditions provide that "*the* prevailing party" – indicating a singular analysis is required to determine who, overall, prevailed – "shall have the right to recover from the losing party its reasonable costs and attorneys' fees *incurred in such proceeding*," without delineating between those fees and costs incurred in the portions of the proceeding on which Defendant prevailed and those on which it did not. Instead, the Court agrees with Defendant that Clause 22.04 of Praxis' Terms and Conditions "provides for recovery of all fees and costs, subject to only two limitations; (1) the fees and costs must arise out of a proceeding instituted under Clause 22.02 or 22.03, and (2) the fees and costs must be reasonable." (D.I. 78 at 1) Both of these conditions are satisfied here.[3]

Praxis also argues that Defendant is only entitled to fees and costs expended on grounds the Court accepted in deciding the summary judgment cross-motions. (D.I. 79 at 3) That is, Praxis would have the Court parse through Defendant's contentions, compare them to those the Court expressly stated it was persuaded by, and then subdivide Defendant's bills accordingly. The Praxis Terms and Conditions, however, impose no such limitation. Instead, as already explained, those Terms and Conditions provide that Defendant, as the prevailing party, is entitled to recover all of its reasonable attorneys' fees and costs. The Court has been provided with no basis for concluding that any of the time defense counsel spent making arguments – including those which the Court did not expressly state were persuasive – was unreasonable. *See Hensley*,

---

[3] Given the plain language of Praxis' Terms and Conditions, Praxis' contention that the Court must adopt a "reasonable fraction approach," and must follow certain caselaw on which Praxis relies, is unavailing. (*See, e.g.*, D.I. 79 at 1-4) Instead, the Court agrees with Defendant: "[T]he basis for the defendant's right to recover its fees and costs [is] Section 22.04 of Praxis' Contract, [which] states that the prevailing party is entitled to recover its reasonable fees and costs, without any further limitation. This Court has held that the defendant was the prevailing party on Praxis' claim and there is nothing in Clause 22.04 that limits the recovery of fees only to those arguments or claims on which the defendant prevailed." (D.I. 80 at 2-3)

5

461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.").

The Court has considered each of Praxis' other bases for reducing attorneys' fees and costs and finds they lack merit. Praxis contends that Defendant's fees and costs are "disproportionate and unreasonable" because "the issue . . . was straightforward." (D.I. 79 at 4) Praxis particularly faults Defendant for not raising the "double security" issue at an early stage in the litigation via the "prompt hearing" procedure. (*Id.* at 3) In the Court's view, this case involves unusual and complex legal issues, and there was nothing unreasonable in Defendant's tactical decision to raise the double security issue later in the litigation, when it had a better understanding of relevant facts through discovery (particularly given the arguable bar on an earlier motion, due to Supplemental Admiralty Rule E). (*See, e.g.*, D.I. 78 at 3 ("For example, as set forth in the motions for summary judgment on Praxis' claims, there is no Third Circuit precedent on the issue of the applicability of choice of law and maritime lien clauses in bunker contracts, and the cases from other circuits have reached different conclusions. . . . The fact that there is a parallel proceeding in Brazil also presented novel questions of law . . . ."); D.I. 80 at 1-2) Additionally, the extensive amount of litigation is partly attributable to Praxis' filing of multiple, ultimately unsuccessful motions.[4] Praxis' allegations that Defendant somehow inflated

---

[4] Praxis filed a motion to reduce countersecurity (D.I. 34), but after Defendant filed its opposition (D.I. 38), Praxis withdrew its motion (D.I. 40). Praxis also filed an untimely motion for reconsideration (D.I. 53), to which Defendant was forced to respond. In addition, Praxis' failure to deposit countersecurity after an adverse ruling prompted Defendant to file a motion to dismiss for failure to prosecute. (D.I. 28)

the attorneys' fees are speculative, and the Court declines to credit them. (*See* D.I. 79-1 Ex. B at 2-4)

A few final words are in order. The Court, having observed counsel's performance, finds that defense counsel's skill and effectiveness are commensurate with counsel's experience and with the hourly rates charged. *See generally Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004) (stating that analysis of reasonableness of attorneys' fees should include Court's "perception of counsel's skill and experience during the trial of the underlying matter, as well as the quality of his moving papers"). Moreover, much of what Praxis offers in its effort to reduce the fees and costs is nothing more than an oversimplified hindsight portrayal of this litigation. During the times the parties briefed and argued their many motions, raising multiple challenging issues, the Court did not perceive this case as one which was in any respect "easy" – notwithstanding Praxis' suggestion to the contrary. (*See* D.I. 79 at 3) Praxis' repeated refrains as to how Defendant "should have" litigated this matter (*see, e.g., id.* at 4) are unpersuasive, as Praxis was vigorously fighting Defendant at every point and neither side, of course, could know how the Court would resolve the tricky issues being presented. Finally – although not particularly relevant, given the clarity and breadth of the contractual provision at issue – the Court is persuaded that "much of [defense] counsel's research and investigation of the Brazilian claims was in connection with claims on which defendant did prevail, or closely related to those claims." (D.I. 80 at 3)

In sum, Praxis has failed to meet its burden to contest the fees and costs requested by Defendant. Thus, the Court will not reduce them but will, instead, award Defendant what it has sought.

## IV. CONCLUSION

For the foregoing reasons, the Court will award Defendant a total of $170,402.01 in attorneys' fees and costs. An appropriate order follows.[5]

---

[5] As Defendant requests, the full amount of the countersecurity ($137,190.46 plus accrued interest) will remain in the Registry of the Court until Praxis has paid the judgment for fees and costs, or until after all appeals (if any) have been ruled upon. (D.I. 78 at 5)