IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRAXIS ENERGY AGENTS PTE. LTD., :
:
Plaintiff, :
:
v. :   C.A. No. 17-559-LPS
:
M/V PEBBLE BEACH :
Its engines, tackle, apparel, and freights, :
:
Defendant *in rem*. :

## MEMORANDUM ORDER

WHEREAS, on July 26, 2021, the Court issued an order (D.I. 84) awarding Sithonia Shipholding S.A. ("Sithonia"), the owner of Defendant *in rem*, M/V Pebble Beach, $170,402.01 in attorneys' fees and costs incurred in connection with this lawsuit;

WHEREAS, the order also required that Plaintiff Praxis Energy Agents Pte. Ltd. ("Praxis") pay an additional $27,527.33 into the Registry of the Court as countersecurity, representing the difference between the award of attorneys' fees and the amount then being held in the Registry (*see id.*);

WHEREAS, on August 9, 2021, Praxis filed a letter indicating that it was "unable to make [the] further deposit," citing reasons including that it had "experienced a downturn in business" and that "it no longer [was] operating" (D.I. 85);

WHEREAS, after the Court ordered Praxis to submit evidence sufficient to support its claims of financial hardship (*see* D.I. 88), on August 17, 2021, Praxis submitted an affidavit of its Director, Theodosios Kyriazis, attesting to Praxis' lack of assets, strained liquidity, and multiple pending claims against it (*see* D.I. 89-1);

1

WHEREAS, on August 18, 2021, the Court issued an oral order excusing Praxis from paying the additional countersecurity (*see* D.I. 90), explaining:

> The Court "possesses broad discretion in deciding whether to order countersecurity." *CAC Mar., Ltd. v. Redbrick Ventures, Ltd.*, 2021 WL 3048405, at *2 (D. Del. July 20, 2021). "In deciding whether countersecurity should be ordered, two major principles govern: (1) parties should be placed on an equal footing with respect to security; and (2) Rule E(7) is not meant to be so burdensome so as to prevent the bringing of the suit." *Id.* In view of Praxis' financial hardship (*see* D.I. 85, 89-1), the additional countersecurity appears to be burdensome. The parties are already placed on substantially equal footing with the existing security and countersecurity deposited.

(*Id.*);

WHEREAS, on August 30, 2021, the Court entered final judgment. (D.I. 93) Relevant to the instant motion, the final judgment provides:

> The amounts [of Praxis' countersecurity] held in the Registry of the Court pursuant to the orders of the Court shall remain in the Registry of the Court until Praxis has paid the judgment for fees and costs, or until after all appeals (if any) have been ruled upon.

(*Id.*);

WHEREAS, on September 24, 2021, Praxis filed a notice of appeal to the United States Court of Appeals for the Third Circuit, appealing the final judgment and several of the Court's prior orders issued in the course of this lawsuit (D.I. 94);

WHEREAS, on October 13, 2021, Sithonia filed the pending motion for an order for a supersedeas bond or to enforce judgment (D.I. 97);

WHEREAS, the Court has reviewed the parties' submissions filed in connection with Sithonia's motion (*see, e.g.*, D.I. 97-1, 98, 99);

NOW, THEREFORE, IT IS HEREBY ORDERED that Sithonia's motion (D.I. 97) is DENIED.

1.  Contrary to Praxis' contention (*see* D.I. 98 at 1), the Court retains jurisdiction to consider Sithonia's motion.¹ "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[a] district court, during the pendency of an appeal is not divested of jurisdiction . . . to issue orders regarding the filing of bonds or supersedeas bonds." *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985).

2.  Pursuant to Federal Rule of Civil Procedure 62(b), a party may obtain a stay of execution on a judgment by posting a supersedeas bond.² However, "courts may forego that requirement when there are other means to secure the judgment creditor's interests." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 582 F.3d 524, 552 (3d Cir. 2009); *see also e.g.*, *Montalvo v. Larchmont Farms, Inc.*, 2011 WL 6303247, at *1 (D.N.J. Dec. 15, 2011) ("[D]istrict courts within the Third Circuit have found that they have discretion under Rule 62(d) to waive the bond requirement in whole or in part."); *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (finding that Rule 62(d) does not constrain district courts from granting stays in accordance with their discretion); *Fed. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757-58 (D.C. Cir. 1980) ("Rule 62(d) only operates to provide that

---

[1] The Court finds that it lacks jurisdiction with respect to Sithonia's request that the Court "enter an Order releasing to Sithonia the funds currently held in the Court's Registry as partial satisfaction of the final judgment." (D.I. 97-1 at 7) Granting this request would require the Court to alter the final judgment currently on appeal, a judgment which provides that the funds "shall remain in the Registry of the Court until Praxis has paid the judgment for fees and costs, or until after all appeals (if any) have been ruled upon." (D.I. 93) Thus, this aspect of Sithonia's request is denied without prejudice.

[2] Rule 62(b), as amended in 2018, carries forward the supersedeas bond provisions of former Rule 62(d) in a modified form.

3

an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate."). The purpose of the supersedeas bond is "to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013). In "extraordinary circumstances," courts may exercise their discretion to waive the requirement of a supersedeas bond where "posting a full bond is impossible or impracticable," and where alternative means will "provide adequate (or as adequate as possible) security" for the judgment creditor's interest. *See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992).

3. Here, exceptional circumstances warrant a stay of enforcement of the judgment without requiring Praxis to post a full bond. While Sithonia is correct that the Court's prior order excusing Praxis from providing countersecurity for the full amount of the judgment applied a different legal standard and, so, is "not the same" as a ruling that Praxis need not post a full bond for the final judgment pending appeal (*see* D.I. 97-1 at 5-6), the Court's factual finding of Praxis' financial hardship underlying the prior order informs the Court's decision on the instant motion. According to the Kyriazis affidavit, Praxis "has ceased operations and has no income, or, except for the PEBBLE BEACH claims and approximately USD 8,000 bank account balance, no substantial assets." (D.I. 89-1 ¶ 3) In the meantime, Praxis is facing more than $1.4 million in pending claims against it. (*See id.* ¶¶ 4-8) Given Praxis' financial condition, requiring it to post

a full bond, or even a bond equal to the difference between the award of attorneys' fees and the amount currently held in the Registry of the Court, would be impracticable, if not impossible.[3]

    4.       Either ordering Praxis to post a bond or, in the alternative, allowing Sithonia to enforce the judgment against Praxis, would engender a substantial risk of driving Praxis into insolvency, which – if it were to occur – would cause irreparable harm to Praxis, and would "put [Praxis'] other creditors in undue jeopardy." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986). Courts across jurisdictions have waived or reduced the bond requirements that would result in a judgment debtor's insolvency. *See, e.g., Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (finding that district court did not abuse discretion in granting stay without full supersedeas bond when judgment debtor "was financially unable to post a full bond and that execution on the judgment would place him in insolvency"); *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, 2020 WL 4904188, at *2 (D. Utah Aug. 20, 2020) (finding that bond for less than full judgment was warranted where defendant "would be irreparably harmed in the form of insolvency, bankruptcy, the potential foreclosure of [Defendant's] home, and the termination of . . . employees"); *Fed. Trade Comm'n v. Commerce Planet, Inc.*, 2012 WL 13015007, at *9 (C.D. Cal. Sept. 13, 2012) (staying judgment pending appeal based on reduced bond where judgment debtor "cannot post a full bond

---

[3] Sithonia cites *Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc.*, 2012 WL 2974891 (E.D. Pa. Aug. 31, 2012), for the proposition that the Court should apply the factors set out in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), to determine whether an "exceptional circumstance" exists. (*See* D.I. 97-1 at 3-5) The first four *Dillon* factors, however, appear to relate to the scenario in which a judgment debtor has sufficient resources to satisfy the judgment but posting a supersedeas bond would create "an unnecessary waste of money" or an "administrative burden." *See Evergreen*, 2012 WL 3781538, at *2; *Dillon*, 886 F.2d at 904-05. The fifth *Dillon* factor – "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position" (*Dillon*, 886 F.2d at 905) – is more pertinent here.

5

for the $18.2 million judgment, and enforcement of the judgment would leave him insolvent"); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 1996 WL 709574, at *1 (S.D.N.Y. Dec. 10, 1996) ("[W]here a judgment debtor would otherwise be in danger of being driven into bankruptcy pending appeal, a stay may be granted without the debtor posting a bond in the full amount of the judgment."); *Hurley v. Atlantic City Police Dept.*, 944 F. Supp. 371, 378 (D.N.J. 1996) (granting stay without bond where there was "strong likelihood that enforcement of this judgment would push [the judgment debtor] into bankruptcy"); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973) (setting bond at less than full amount of judgment where defendants "[were] without sufficient assets to satisfy the judgment and [were] unable to obtain a bond in the amount of the verdict plus counsel fee and costs").

5. In the Court's view, Praxis' countersecurity currently held in the Registry of the Court – which accounts for more than 80 percent of the total attorneys' fees awarded – has provided security for Sithonia's interest to an extent that is as practically adequate as possible under the circumstances, and has placed the parties "on substantially equal footing" with regard to their respective securities for the judgment currently on appeal. (*See* D.I. 90) While Sithonia's judgment is not fully secured, that consideration is outweighed by the unfavorable consequences of the relief requested by Sithonia, and is undermined by Sithonia's failure to persuade the Court that allowing it to enforce judgment before Praxis completes its appeal would increase the probability of collecting the judgment in full. *See Olympia Equip.*, 786 F.2d at 799. In sum, this case presents "exceptional circumstances" warranting excusing Praxis from posting a full bond for the final judgment pending appeal.

December 6, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE